**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHELBY NAVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-096-KEW |
| ) | |
| INDEPENDENT SCHOOL DISTRICT ) | |
| NO. 20 OF LEFLORE COUNTY a/k/a ) | |
| PANAMA PUBLIC SCHOOLS; ) | |
| RYAN ENGLAND, individually ) | |
| and in his official capacity; ) | |
| and GRANT RALLS, individually ) | |
| and in his official capacity, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion in Limine (Docket Entry #105). Plaintiff seeks to exclude the following from trial:

1) Defendants' suggestion that a verdict against either of them would create a financial hardship for the school or the town - Defendants respond that they do not intend to elicit testimony of this nature. Plaintiff's Motion will be granted on this issue.

2) Defendants' should be precluded from attempting to elicit evidence that Plaintiff consented to sexual relations with Defendant England and/or the age of consent in Oklahoma is sixteen (16) years old - Defendants respond that they do not intend to elicit testimony of this nature. Defendants do state that they intend to elicit testimony that Plaintiff never reported her sexual relationship with Defendant England. This is a different issue

than that for which the exclusion of evidence is sought. Plaintiff's Motion will be granted on the specific consent issue on which it was filed.

3) Certain opinions of Defendant School District's expert, Dr. Susan Howard should be excluded – Specifically, Plaintiff seeks to exclude testimony that (a) Panama Schools and Plaintiff's mother were unaware of inappropriate sexual behaviors; (b) the School District took immediate action to report the information provided and prevent any further occurrences; and (c) it is unclear why Plaintiff felt the administration had retaliated against her and she was unable to offer specific situations that she felt were damaging. Plaintiff contends the opinions Dr. Howard offers on these issues are based upon conjecture and not facts. Defendants assert that Dr. Howard's expertise in child abuse and neglect make her uniquely qualified to render the opinions on these issues.

> Expert testimony is permitted
>
> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data . . .
>
> Fed. R. Evid. 702.

The court acts as a gatekeeper as to any such testimony by making "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of

whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593 (1993). This analysis applies to all expert testimony. Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999).

Dr. Howard's curriculum vitae attached to Plaintiff's motion indicates that she is a licensed psychologist with considerable experience in psychological and counseling issues concerning children. She is certainly qualified to render opinions on such issues in this case. However, some of the conclusions raised by Plaintiff are beyond expertise but rather represent conclusions she draws which invade upon the fact-finding province of the jury. The conclusion that the School District and Plaintiff's mother were unaware of any inappropriate sexual behaviors by Defendant England and, when it became known, the School District took immediate action is a question of fact which the jury must ultimately determine. This is not the type of issue for which expert testimony is required.

Similarly, the conclusion that "it is unclear as to why [Plaintiff] felt administration had retaliated against her" is not an expert opinion at all but rather a lack of an opinion. Dr. Howard's offering on this matter is not a conclusion requiring expert opinion testimony. She may state that, in her opinion, Plaintiff did not offer specific situations that she felt were

3

damaging, to the extent that conclusion relies upon her review of the record and her opinion as to what might be "damaging" to Plaintiff.

IT IS THEREFORE ORDERED that the Plaintiff's Motion in Limine (Docket Entry #105) is hereby **GRANTED** on issues enumerated above as Nos. 1 and 2, and partially granted as reflected above on issue No. 3.

IT IS SO ORDERED this 10th day of December, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE