# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHELBY NAVE, )
)
        Plaintiff, )
)
v. ) Case No. CIV-17-096-KEW
)
INDEPENDENT SCHOOL DISTRICT )
NO. 20 OF LEFLORE COUNTY a/k/a )
PANAMA PUBLIC SCHOOLS; )
RYAN ENGLAND, individually )
and in his official capacity; )
and GRANT RALLS, individually )
and in his official capacity, )
)
        Defendants. )

## OPINION AND ORDER

This matter comes before the Court on School District Defendants' First Motion in Limine (Docket Entry #104). Defendants seek to exclude the following from trial:

1) Evidence or testimony that Defendant Ryan England may have had an inappropriate romantic or sexual relationship with any student other than Nave while England was employed by the School District – Plaintiff testified in her deposition that a fellow female student, MA, informed her that she was also have a relationship with Defendant England. The School District Defendants contend that any relations that occurred between England and MA were not reported to the School District and MA never came forward and accused England of improper conduct with her. For these reasons, the School District Defendants assert the references to MA's alleged sexual contact with England is highly prejudicial and not

relevant to the claims asserted by Nave in this action.

Nave contends the statements concerning MA's conduct with England is relevant to this action because (1) another student identified as HH stated during a forensic interview that there were rumors of such a relationship and a lot of people knew about it, (2) it demonstrates the School District's adverse action toward Nave was a pretext for discrimination, (3) rumors may be enough to show a substantial risk to students, (4) it demonstrates the School District acted with deliberate indifference, (5) it is relevant to Nave's § 1983 claim for having a policy of failing to investigate sexual harassment, and (6) it shows the School District had a policy of deliberate indifference toward providing adequate training.

The evidence of a relationship with MA is undoubtedly prejudicial and only tenuously relevant to the claims brought by Nave. At its heart, the problem with the evidence of MA's conduct with England is that, unlike Nave, no evidence has been developed to show that an appropriate person or a policymaker had any knowledge of circumstances of a substantial risk to students associated with MA's relationship with England. Even in regard to alleged "rumors" of a relationship, Nave has not shown that a person associated with the School District had any knowledge of the relationship. It is simply too speculative to allow the jury to assume that an appropriate person or policymaker with the School

2

District was one of "a lot of people" who knew of the relationship. Should Nave have further evidence of specific knowledge or notice to the School District of MA's alleged relationship with England, the Court will revisit the issue at trial. Otherwise, no witness or other evidence will be presented at trial to reveal the relationship.

2) Nave should be precluded from introducing evidence that England took one or more high school boys to a strip club during a school-sponsored trip - These allegations were uncovered during the criminal investigation conducted by Panama Chief of Police John Whiteaker. Whiteaker found that England took some male students to two strip clubs during a trip then submitted a purchase order for $110.00 which exceeded the attached receipt for $89.00 from the hotel. The purchase order was approved by Principal Haynes. The School District Defendants state that it has not been alleged that the School District approved or condoned England's actions or showed any actual knowledge of sexual harassment on the part of the School District.

Nave contends the allegations are relevant to both the Title IX claim and § 1983 claim asserting that had the School District investigated the charges, it would have discovered England's propensity to place students at substantial risk of sexual harassment. Again, Nave asserts a tenuous and speculative connection between the allegations of taking students to strip

clubs and the School District's knowledge.  Nothing in the evidence supports a finding that had the School District inquired as to a $21.00 discrepancy in a billing, it would have discovered England was creating a substantial risk to students.  The evidence is more prejudicial than probative and not relevant to the claims asserted by Nave in this action.

3)  Nave should be precluded from presenting evidence that England pled "no contest" to criminal charges arising from his sexual relationship with Nave - The School District Defendants contend such evidence is precluded under Fed. R. Evid. 410 which expressly states that nolo contendere pleas are inadmissible "against the defendant who made the plea or participated in the plea discussions."  Nave seeks to introduce such evidence to show the School District Defendants maintained a policy of acquiescing in sexual harassment when Defendant Ralls stated that he would still give England a job recommendation.  In support, Nave cites to a Ninth Circuit case, <u>Brewer v. City of Napa</u>, 210 F.3d 1093 (9th Cir. 2000) in which evidence of the **conviction** was admitted for impeachment purposes under Fed. R. Evid. 609 when the convictions were arrived at through a nolo contendere pleas.  This Court agrees with this and other circuit courts which permit the admission of the conviction.  The fact England pled "no contest" need not be admitted in order to admit the fact of the conviction as represented in the Judgment and Sentence.

IT IS THEREFORE ORDERED that School District Defendants' First Motion in Limine (Docket Entry #104) is hereby **GRANTED** on issues enumerated above as Nos. 1 and 2, and partially granted as reflected above on issue No. 3.

IT IS SO ORDERED this 10th day of December, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE